## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
## FOURTH DIVISION

| | |
|---|---|
| Linda L. Meyer,<br><br>            Plaintiff,<br>v.<br><br>Valentine & Kebartas, Inc., Mr. Johnston, Vicky, Mr. Burt, Mr. Bertino, Miss Brown, and Mrs. Davis,<br><br>            Defendants. | Civil File No. _____<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Linda L. Meyer, for her complaint against the defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA") because the defendants' telephone collection calls violate the FDCPA, states:

### JURISDICTION AND VENUE

1.     The jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     Venue is proper in this District because the acts and transactions occurred here, the plaintiff resides here, and the defendants transact business here.

### PARTIES

3.     The plaintiff, Linda L. Meyer (hereinafter "plaintiff" or "plaintiff Meyer") is a natural person who resides in the City of Crystal, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. The defendant, Valentine & Kebartas, Inc. (hereinafter "defendant Valentine" or "Valentine") is a foreign corporation and collection agency, headquartered in Massachusetts that does business in Minnesota. Defendant Valentine is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. At all times relevant herein, upon information and belief, the defendants, Mr. Johnston, Vicky, Mr. Burt, Mr. Bertino, Miss Brown, and Mrs. Davis were debt collectors as defined by 15 U.S.C. § 1692a(6) of the FDCPA because they regularly collected or attempted to collect consumer debts as part of their duties for their employer, Valentine.

6. At all times relevant herein, the defendant Valentine was the employer, master, principal or joint venturer of the Mr. Johnston, Vicky, Mr. Burt, Mr. Bertino, Miss Brown, and Mrs. Davis, and the defendant Valentine is vicariously liable for the acts or omissions of the individual defendants named in this lawsuit.

## FACTUAL ALLEGATIONS

7. Sometime prior to February 2008, the plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with Chase Bank USA, N.A.

8. The alleged delinquent credit card account was transferred, assigned or sold to defendant Valentine for collection sometime prior to February 2008.

9. On February 8, 2008, and continuing periodically thereafter, until late April or early May 2008, Valentine and its debt collectors, the individual defendants in this lawsuit, called the plaintiff and left her the following messages, among others:

> *Linda Meyer, this is Vicky. My number here is 1-800-731-7766. My extension is 359. Can you please return my call? Thank you*

9:39 a.m.

*Oh, this is Mr. Johnston calling to speak with Linda Meyer. Ms. Meyer, important matter at my office. I need a return call regarding it. My number is toll free, it's 866-598-2788, extension 208.*

Friday, 11:16 a.m.

*This is Vicky. My number here is 1-800-731-7766. My extension is 359. Can you please return my call? Thank you.*

Monday, 5:03 p.m.

*Linda Meyers, this is Vicky. My number here is 1-800-731-7766, extension 359. Could you please return my call? Thank you.*

The following message was received on March 21st.

Friday, 8:23 a.m.

*Linda L. Meyer, date of birth 12/1/56. Ms. Meyer, this is Mr. Burt with the offices of Valentine & \_\_\_\_artis. Ma'am, it's imperative that I have a response from you within 24 hours at 866-598-2788, extension 233. This is in reference to your case file 7135483. Ms. Meyer, with it being the end of the month, I've had some options, some options come available to you that were not previously available. It is imperative that you contact me within the 24-hour time frame _____ as these options are time sensitive. Please make no mistake, this is neither a solicitation or a sales call. Time is of the essence in this matter, we need your prompt attention. As I stated, I do have several options available, however, you do need to contact me so we can discuss _____ the best option for your specific situation. Again, ma'am, my name is Mr. Bird, my toll free number is 866-598-2788, extension 233. I'm calling with the offices of Valentine & \_\_\_artis in regards to your case 7135483. Time is of the essence in this matter, ma'am. Best regards.*

The next message was received on March 24th.

Monday, 10:59 a.m.

*Hi, Linda Meyer, this is Mr. Bertino. Linda, you've been given the last 45 days to resolve a financial matter of yours on a voluntary basis. It is now March 24th and set aside the two months of courtesy and phone calls that we have made to you and you have not made a single attempt or effort to discuss this matter in its entirety and try to get it resolved. Please keep in mind Linda that we have extended as much courtesy as we can. Based on the legal binding contract that is involved, if we do not get a return phone call on or before the end of the day tomorrow, on March 25th, this matter will be documented as a refusal. My telephone number is 866-598-2788,*

> *extension 206. Again, that's 866598-2788, extension 206. Please reference file no. 7135483.*
>
> This message was also received on March 24th.
>
> Monday, 12:00 p.m.
> *This is a message for Linda L. Meyer, birth date December 1st, 1956. Linda, it's very important you give our office a return call back by Wednesday, March 26th at the latest. Our toll free phone number is 866-598-2788, extension is 233, Mr. Burt, and your file number is 7135483. Once again, our toll free phone number, 866-598-2788, extension 233, Mr. Burt. Your file number is 7135483. Thank you and have a good day. You must call back by Wednesday, March 26th at the latest. Thank you.*

10. The initial telephone message from the defendants, violates § 1692e(11) of the FDCPA because the defendants fail to tell the plaintiff that the defendants are attempting to collect a debt and that any information obtained by them would be used for that purpose.

11. All of the foregoing telephone messages violate § 1692d(6) of the FDCPA because the defendants fail to meaningfully disclose either (1) their name or (2) the debt collection company's name or (3) the nature of the debt collector's business.

12. All of the foregoing telephone messages violate § 1692e(11) of the FDCPA because the defendants fail to disclose that the communication is from a debt collector.

13. On February 11, 2008, Mr. Johnston, one of Valentine's collectors, called the plaintiff and asked her if she had "humbled herself" by asking her family or friends for financial assistance to pay the debt.

14. The February 11, 2008 telephone call from Mr. Johnston violated § 1692d of the FDCPA because it is conduct that caused the plaintiff to be harassed, oppressed or abused.

15. The defendants' conduct caused the plaintiff actual damages in the form of emotional distress, fear, humiliation and anxiety from being harassed by the defendants and the plaintiff is entitled to statutory damages under the FDCPA.

## TRIAL BY JURY

16.     The plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

17.     The plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The foregoing acts and omissions of the defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19.     As a result of the defendants' violations of the FDCPA, the plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that a judgment be entered against the defendants for:

a.      An award of actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      An award of costs and reasonable attorneys' fees in favor of the plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 29, 2009                By:   /s/ Michael G. Phillips
                                       Michael G. Phillips
                                       **PHILLIPS LAW, PLLC**
                                       MN Attorney I.D. No. 0290105
                                       270 Grain Exchange Bldg. North
                                       301 Fourth Avenue South
                                       Minneapolis, MN 55415
                                       Telephone: (612) 677-8300
                                       Facsimile: (612) 339-1516
                                       phillipslaw@comcast.net

                                       Thomas J. Lyons, Jr.
                                       **CONSUMER JUSTICE CENTER, P.A.**
                                       MN Attorney I.D. No. 0249646
                                       367 Commerce Court
                                       Vadnais Heights, MN 55127
                                       Telephone: (651) 770-9707
                                       Facsimile: (651) 704-0907
                                       tommycjc@aol.com

                                       **ATTORNEYS FOR PLAINTIFF**